SINKER v. JOHNSON.

No. 32548. March 18, 1947.

*178 P. 2d 608.*

Robinson, Shipp & Robertson, by Leon Shipp, all of Oklahoma City, for plaintiff in error.

Geo. C. Crump and Carver & Cook, all of Wewoka, for defendant in error.

GIBSON, J. This action was instituted by Moman Pruiett, as plaintiff, against H. F. Sinker and C. M. Goodart, as defendants. The purpose thereof was to establish a right of plaintiff in land the title to which is alleged to have been taken in the name of Sinker in furtherance of a joint adventure between him and the plaintiff. Sinker, acting as sole owner and without the knowledge or consent of Pruiett, conveyed an interest in the premises to Goodart, the codefendant. Such conveyance is relied on by plaintiff as a breach of the trust relation and as ground for relief sought. The disposition of the issues between the plaintiff and Goodart is not involved on this appeal. The sole issue here involved is that between plaintiff and defendant Sinker, on which the court awarded plaintiff judgment for a three-fourths undivided interest in the northwest quarter of southwest quarter of section twenty-four (24), township seven (7) north, range seven (7) east, and further provided that the continued existence of the interest so awarded plaintiff was conditioned upon the payment by the plaintiff to Sinker of the sum of $200. Thereafter, Pruiett having departed this life, the cause was revived in the name of Gail H. Johnson as sole heir of plaintiff, who now appears as defendant in error.

Plaintiff in error, relying upon his contention that a joint adventure did not obtain, urges that the parol contract relied on for relief was violative of the statute of frauds, and that the judgment of the trial court is not sustained by the evidence.

Having reached the conclusion that the trial court's determination that a joint adventure obtained is sustained by the evidence, any question of the application of the statute of frauds becomes immaterial, and the sole question for review is whether the judgment of the court is supported by the evidence.

Plaintiff's testimony was substantially to the following effect:

That the above described 40 acres and the adjoining 40-acre tract, which together formed the west half of said southwest quarter, were formerly owned by plaintiff and that years before he had deeded the land to his sister-in-law. That the two 40-acre tracts, which were assessed separately, were burdened with delinquent taxes which his sister-in-law had been unable to pay, and that the 40-acre tract specifically involved herein was no longer subject to redemption from the taxes by reason of the resale thereof to the county. That by reason of prospective oil value he deemed the acquisition of title thereto would prove to be a profitable investment and he, being without means to purchase the 40 acres owned by the county or discharge the delinquent taxes on the other 40, called the matter to the attention of Sinker and agreed that if he would finance the transaction he should receive 25 per cent of the land or lease money or any oil or anything they might make out of the 40 acres after reimbursement of Sinker for his outlay. That Sinker so agreed, and thereafter he had the treasurer offer for sale the 40 acres held by the county, and at the sale, which was attended by both plaintiff and defendant, the plaintiff personally bid the property in for the price of $200, which was paid by Sinker, and that plaintiff directed the deed be made to Sinker as grantee. That thereafter plaintiff had his sister-in-law execute to Sinker a deed to the other 40-acre tract without consideration moving from Sinker to her therefor. The testimony of the plaintiff touching the terms

of the agreement is in part corroborated by plaintiff's witness D. F. Scott, who owned an interest in the other 40-acre tract, and who testified that Sinker admitted to him in conversation that he and plaintiff were jointly interested in the 40-acre tract purchased from the county.

Defendant Sinker, testifying, denied the existence of any such agreement as declared by plaintiff, and further testified in substance that plaintiff informed him of the situation under which the 40-acre tract had been sold to the county and suggested to defendant that if he would purchase the same from the county he might make some money on it. That at that time plaintiff was indebted to defendant and agreed to assist defendant in purchasing said 40 in consideration of the cancellation of the debt of the plaintiff to the defendant.

The issue on the facts is clear. If the relation of the parties to the subject matter was as testified to by Sinker, there is no lawful basis for the trial court's judgment. On the other hand, if the relation is as testified to by plaintiff, the judgment is well founded unless such facts are insufficient in law to prove the existence of a joint adventure. In E. D. Bedwell Coal Co. v. State Industrial Comm. et al., 157 Okla. 227, 11 P. 2d 527, we held, in the first syllabus, as follows:

"A joint adventure is a special combination of two or more persons where, in some specific venture, a profit is jointly sought without any partnership or corporate designation. By the special agreement the parties may limit their respective profits and provide which particular part of the expenses each should bear before participation in any profits."

We have examined the record and find that the judgment is not against the clear weight of the evidence.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur.